# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

**CASE NO. 07-290(PG)**

[13] MIGUEL LESPIER VELAZQUEZ,
Defendant.



**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Ruíz, Assistant United States Attorney, Chief, Criminal Division; Warren Vázquez, Assistant U.S. Attorney, Unit Chief, Violent Crimes Unit; José Capó-Iriarte, Assistant U.S. Attorney; Myriam Y. Fernández-González, Assistant U.S. Attorney; defendant's counsel, Max Perez Bouret, Esq.; and defendant [13] Miguel Lespier Velazquez, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment, that is, May 7, 2008, in the Municipality of Ponce, District of Puerto Rico, and within the jurisdiction of this Court, **defendant [13] Miguel Lespier Velazquez**, and **ninety four (94)** other defendants, did knowingly and intentionally, combine, conspire, and agree with

each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I Narcotic Controlled Substance; and/or in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and/or in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a public or private school, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860. All in violation of Title 21 United States Code, Section 846.

## 2. MAXIMUM PENALTIES

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment of not less than ten (10) years or more than life and a fine not to exceed $4,000,000.00, a term of supervised release of at least five (5) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A). In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

## 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary

assessment of one hundred dollars ($100.00) per count of conviction.

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

## 6. RULE 11(e)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### 7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 134, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 134. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

a. BASE OFFENSE LEVEL: The Base Offense Level shall be thirty (30), pursuant to U.S.S.G. §2D1.1(c)(5). The defendant accepts responsibility for at least fifty (50) grams but less than one hundred and fifty (150) grams of cocaine base. S.T.

b. PROTECTED LOCATION: Two level (2) increase pursuant to U.S.S.G. §2D1.2(a)(1).

c. LEADERSHIP ROLE: Since the defendant was a leader a two level increase applies pursuant to U.S.S.G. §3B1.1(c).

d. ACCEPTANCE OF RESPONSIBILITY: Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's based offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1(b).

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT ONE**<br>**Title 21, U.S.C., § 846** | |
| **BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(5)]**<br>at least fifty(50) grams but less than one hundred and fifty (150) grams of cocaine base | 30 |
| **Protected Location [U.S.S.G. § 2D1.2(a)(1)]** | +2 |

USA v. [13] Miguel Lespier Velazquez 07-290(PG)
Plea Agreement
Page 5 of 11

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| Leadership Role [U.S.S.G. § 3B1.1(c)] | +2 |
| Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 31 |
| There is no stipulation as to defendant's Criminal History Category (CHC) | Assuming a CHC I 108-135 CHC II 121-151 CHC III 135-168 months |

e.   SENTENCE RECOMMENDATION: The parties agree to recommend a term of imprisonment of one hundred and twenty (120) months in the event that defendant's Criminal History Category is I. Should defendant's criminal history category be II or higher then the parties would recommend that the defendant be sentenced at the lower end of a total offense level of thirty one.

Any recommendation for a term of less than one hundred and twenty (120) months would constitute a material breach of the plea agreement.

**8.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

**9.   SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Max Perez Bouret, Esq., and indicates that counsels have rendered effective legal assistance.

**10.   RIGHTS SURRENDED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants

<u>USA v. [13] Miguel Lespier Velazquez 07-290(PG)</u>
**Plea Agreement**
Page 6 of 11

include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to

decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify.

If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**11.   DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

**12.   STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**13.   LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities

**14.   ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

**15.   AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

**16.   VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

### 17. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgement and sentence in this case.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Ruíz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 9/30/08

_____
Warren Vázquez
Assistant U.S. Attorney
Unit Chief, Violent Crimes Unit
Dated: 9/30/08

_____
José Capó-Iriarte
Assistant U.S. Attorney
Dated: 9/30/08

_____
Max Peréz Bouret, Esq.
Counsel for Defendant
Dated: 10/1/08

_____
Miguel Lespier Velazquez
Defendant
Dated: 10/1/08

_____
Myriam Y. Fernández-González
Assistant U.S. Attorney
Dated: 9.30.08

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 1/10/08

Miguel Lespier Velazquez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 10/1/08

Max Pérez Bouret, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that since January 2003, and continuing up to and until the return of the Indictment, that is, July, 2007, in the Municipality of Ponce, District of Puerto Rico, and within the jurisdiction of this Court, defendant [13] Miguel Lespier Velazquez, and ninety four (94) other individuals, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute heroin, cocaine base ("crack"), cocaine, and marihuana, within the Dr. Pila Public Housing Project; and/or within the Ponce Housing Public Housing Project; and/or within the José M. Gándara Public Housing Project; and/or within the Portugues Public Housing Project; and/or within the Los Rosales Public Housing Project; and other areas within the Municipalities of Ponce and Juana Díaz. The object of the conspiracy was to control the distribution of narcotics in the Municipality of Ponce and other areas for significant gain and profit. It was further the object of the conspiracy to take over drug distribution points by means of violence, force and intimidation, in order to expand their drug trafficking activities within the Municipalities of Ponce and Juana Díaz, Puerto Rico.

Members of the drug trafficking organization had different roles in order to further the goals of the conspiracy, that is: leaders, who directed runners, sellers, and facilitators. Miguel Lespier Velazquez specifically acted as the leader of one of the drug trafficking organization's drug distribution points specifically located at the Ponce Housing, Public housing Project. During the conspiracy the defendant possessed not less than fifty grams of cocaine base.

At trial, the United States would have proven beyond a reasonable doubt that defendant [13]

<u>USA v. [13] Miguel Lespier Velazquez 07-290(PG)</u>
**Plea Agreement**
Page 11 of 11

Miguel Lespier Velazquez is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of forensic chemists as expert witnesses, as well as the testimony of law enforcement agents among others. Full discovery has been provided to the defendant.

_____
José Capó Iriarte
Assistant U.S. Attorney
Dated: 9/30/08

_____
Myriam Y. Fernandez-González
Assistant U.S. Attorney
Date: 9.30.08

_____
Max Perez Bouret, Esq.
Counsel for Defendant
Dated: 10/1/08

_____
Miguel Lespier Velazquez
Defendant
Date: 10/1/08