```
 1                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF PUERTO RICO
 2

 3

     UNITED STATES OF AMERICA,         )
 4                                     )
                    Plaintiff,         )
 5                                     )
     vs.                               ) Case No: 07-290(PG)
 6                                     )
     JUAN CARLOS BODON-LESPIER,        )
 7                                     )
                    Defendant.         )
 8


 9   _____

10
                 TRANSCRIPT OF FURTHER REVOCATION HEARING
11                              HELD BEFORE
                 THE HONORABLE JUDGE JUAN M. PEREZ-GIMENEZ
12                         Friday, May 5, 2017

13   _____

14

15                          A P P E A R A N C E S

16

17   For the Plaintiff:

18         Myriam Fernandez-Gonzalez, AUSA

19

20   For the Defendant:

21         Andrew McCutcheon, AFPD

22

23

24

25
```

```
 1                (PROCEEDINGS COMMENCED AT 2:39 P.M.)
 2
 3           DEPUTY CLERK:  Criminal Case 07-290, United States
 4   of America versus Juan Carlos Bodon-Lespier.  Case called
 5   for further revocation hearing.  On behalf of the
 6   Government, Assistant U.S. Attorney Myriam Fernandez.  On
 7   behalf of the defendant, Assistant Federal Public Defender
 8   Andrew McCutcheon.  The defendant is present and he will be
 9   assisted by the official court interpreter.
10           THE COURT:  The parties ready?
11           MS. FERNANDEZ:  Yes, Your Honor.
12           MR. MCCUTCHEON:  Good afternoon, Your Honor.
13   Defense is ready to proceed.
14           THE COURT:  All right. And the matter is before
15   the Court -- we had the revocation hearing, and the Court
16   took the matter under advisement.  And after considering the
17   evidence that was submitted to the Court, the Court is of
18   the opinion that the supervised release term imposed on
19   April 3, 2009 is hereby revoked.  An opinion has been
20   prepared.  There has been a -- minor corrections being
21   performed, and it should be filed prior to, maybe,
22   4:00 o'clock this afternoon.  So you will have the opinion
23   also.
24           MR. MCCUTCHEON:  Yes, Your Honor.
25           THE COURT:  Is there anything you would like to
```

```
 1    state, Counsel?
 2              MR. MCCUTCHEON:  Yes, Your Honor, I would.
 3    Without the Court's opinion, I don't have an adequate basis
 4    to object to specific findings, but we would preserve,
 5    obviously, our objection to the Court's ultimate decision to
 6    revoke in this particular matter.
 7              With regard to the sentencing, Your Honor, I would
 8    just note that absent this incident, all indications are
 9    that Mr. Bodon was doing very well.  All reports from USPO
10    Vazquez were very good.  The monthly therapy reports were
11    very good.  The drug tests, there were no positives on
12    Mr. Bodon's behalf.  He, by all accounts, was doing very
13    well.
14              He is in a loving, committed relationship with his
15    spouse Ariana who is in court today joining us.  He is
16    supported by a tremendous family, including his father.  So
17    with the exception of this specific incident, the exact
18    circumstances surrounding we are not exactly sure, he has
19    demonstrated that he is supervisable.  So we would ask the
20    Court to take that into account.
21              And while Mr. Bodon does maintain his innocence
22    for purposes of appeal, we would ask the Court to impose a
23    sentence at the lower end of the applicable guideline range,
24    while still maintaining his innocence for purposes of
25    appeal.  And that's, we believe, appropriate, given the
```

1     steps that he's made during his term of supervised release.
2     He's undergoing drug treatment.  He seems to be responding
3     to it.  So again, we would indicate that he is supervisable.
4     He does have a loving family, and all those factors support
5     the imposition of a sentence at the lower end of the
6     applicable guideline range, Your Honor.
7              THE COURT:  Thank you.  Mr. Bodon, do you care to
8     state anything?  You don't have to.  You may do so, but you
9     don't have to.
10             THE DEFENDANT:  No.
11             THE COURT:  Anything from the Government?
12             MS. FERNANDEZ:  No, Your Honor.  We submit the
13    matter to the discretion of the Court.
14             THE COURT:  All right.  After the Court heard from
15    both parties in this case, the Court finds that Mr. Bodon
16    has violated the conditions of the imposed supervised
17    release by engaging in new criminal conduct as cited in the
18    motion filed on June 14, 2016.  Therefore, the supervision
19    term imposed on April the 3rd, 2009 is hereby revoked.
20             Upon imposing sentence, the Court will consider
21    the Advisory U.S. Sentencing Guidelines, Chapter 7 Policy
22    Statements regarding revocation of supervised release.
23    Pursuant to Guideline 7B1.1(A)(ii), a Grade A violation has
24    been determined.  Based on a Criminal History Category of
25    III and a Grade A violation, the guideline imprisonment

1    range would be from 18 to 24 months of imprisonment.
2             Pursuant to Title 18 United States Code
3    Section 3583(e)(3), upon revocation of supervised release,
4    based on a Class B felony, the Court may impose a sentence
5    of imprisonment of not more than three years.  Additionally,
6    the Court will take into consideration the factors as set
7    forth in 18 U.S.C. 3553(a), the nature and circumstances of
8    Mr. Bodon-Lespier's violations.
9             Mr. Bodon-Lespier has failed to comply with the
10   imposed supervision conditions, therefore, it is the
11   judgment of this Court that the defendant Juan Carlos
12   Bodon-Lespier is hereby committed to the custody of the
13   Bureau of Prisons to be imprisoned for a term of 18 months
14   to be served consecutively if the local court imposes a
15   sentence.
16            Upon release from confinement, you shall serve one
17   year of supervised release under the following terms and
18   conditions:  You will not commit another federal, state or
19   local crime, and you shall not possess firearms, controlled
20   substances, and comply with the standard conditions of
21   supervised release adopted by this Court.
22            You shall participate in an approved substance
23   abuse monitoring and/or treatment services program, and you
24   shall refrain from the unlawful use of a controlled
25   substance, and submit to one drug test within 15 days of

1    release, and thereafter submit to random drug testing, not
2    less than three samples during the supervision period, and
3    not to exceed 104 samples a year in accordance with the drug
4    aftercare policy as approved by this Court of the U.S.
5    Probation Office.  If deemed necessary, the treatment will
6    be arranged by the officer in consultation with the
7    treatment provider.  The defendant is required to contribute
8    to the cost of services rendered in an amount arranged by
9    the probation officer based on your ability to pay or the
10   availability of third-party payments.
11           You shall participate in a program or course of
12   study aimed at improving education level and/or complete a
13   vocational training program.  In the alternative, you shall
14   participate in a job placement program recommended by the
15   U.S. Probation Office.
16           And you shall provide the probation officer access
17   to any financial information upon request, and you shall
18   submit your person, property, house, residence, vehicle,
19   papers, computers, and other electronic communication or
20   data storage devices or media or office to a search
21   conducted by the United States Probation Officer at a
22   reasonable time and in a reasonable manner based upon
23   reasonable suspicion of contraband or evidence of a
24   violation of a condition of release.  Failure to submit to
25   such a search may be grounds for revocation.  And you shall

1      warn any other occupants that their premises may be subject
2      to searches pursuant to this condition.
3                And the Court advises you that you can appeal
4      these findings entered by the Court today if you think that
5      the same were made in violation of the law as a result of an
6      incorrect application of the sentencing guidelines or that
7      it was unreasonable.  Any notice of appeal must be filed
8      within 14 days after the judgment is entered.
9                If you are unable to pay for the cost of the
10     appeal, you may apply for leave to appeal in forma pauperis.
11     And if you so request, the Clerk of the Court will prepare
12     and file a notice of appeal on your behalf, or your present
13     counsel -- he is court-appointed -- he shall file the notice
14     of appeal and will proceed with the appeal unless substitute
15     counsel is later on admitted.
16               That's the disposition of the Court.
17               MR. MCCUTCHEON:  Your Honor, may I be heard just
18     briefly?
19               THE COURT:  Yes.
20               MR. MCCUTCHEON:  First I would like to preserve
21     and renew all prior motions and objections, and again --
22     with respect to my objections to the Court's findings.  We
23     would also object to the procedural and substantive
24     unreasonableness of the sentence.
25               Your Honor, and it's my understanding that

1     Mr. Bodon is a Criminal History Category of II.
2              THE COURT:  He is III.
3              PROBATION OFFICER:  He is III, Your Honor.
4              MR. MCCUTCHEON:  I have a PSR here that says II.
5     I don't know if it was modified after the fact.
6              (WHEREUPON, the document was tendered to the
7              Court.)
8              THE COURT:  When he was originally sentenced, he
9     was sentenced with Criminal History Category III.
10             MR. MCCUTCHEON:  Very well, Your Honor.  I would
11    just preserve a specific objection to the criminal history
12    calculation as well then, Your Honor.
13             THE COURT:  You want to show it to Counsel?  Show
14    it to Counsel, the document.  That's a copy of the judgment
15    that was issued when he was originally sentenced.
16             MR. MCCUTCHEON:  Yes, Your Honor.  I don't know
17    why there is a discrepancy between the PSR and that document
18    I was just showed.  We would preserve any sort of objection
19    to that calculation, for the record.  And lastly, Your
20    Honor --
21             THE COURT:  If there is such a discrepancy, then
22    what we will do is, if we agree that it's a II, what we will
23    do is then we will sentence him according to a Criminal
24    History Category of II.  We would have to amend the
25    judgment.

1                  Do you want to approach the bench?
2                  (WHEREUPON, proceedings were had at sidebar out of
3                  the presence and hearing of the court reporter.)
4                  THE COURT:  All right.  Having seen documents, I
5        have spoken with the Assistant Federal Public Defender.  My
6        sentence has to be corrected because it's not a Criminal
7        History Category III; it is Criminal History Category II.
8                  So with a Criminal History Category II, the
9        guideline range for the Grade A violation and a Criminal
10       History Category II is 15 to 21 months.  So the judgment is
11       corrected or amended to reflect that instead of 18 months,
12       the lower end of the guideline is 15 months, and that will
13       be the sentence that the Court is imposing.  Once corrected,
14       it becomes 15 and not 18.  Thank you for pointing that out
15       to the Court.  Anything else?
16                 MR. MCCUTCHEON:  Yes, Your Honor.  Lastly, we
17       would move the Court for a bond pending appeal.  Mr. Bodon
18       has demonstrated that he will abide by all terms imposed by
19       this Court.  He's appeared on several occasions in front of
20       this Court without issue.  He's abided by the terms imposed
21       by his probation officer, with the exception of whatever
22       happened during this incident, Your Honor.
23                 So we would submit that the conditions that were
24       previously imposed in conjunction with electronic monitoring
25       with home detention would be more than sufficient to prevent

1    any risk of flight or danger to the community.  So we would
2    ask the Court to fashion conditions of bond pending an
3    appeal taken by Mr. Bodon.  That would additionally allow
4    him to communicate with his counsel in the state court
5    matter that's pending.
6              MS. FERNANDEZ:  The United States is requesting
7    that he be remanded.  We understand that there is now a
8    15-month term of imprisonment pending for him.  That is in
9    addition to what happens at the state level with the
10   criminal case underlying this revocation of supervised
11   release.  So we do understand that there is now an element
12   of risk of flight.
13             While we understand that he, as to the other
14   conditions, as counsel has said, may have complied, the fact
15   of the matter is that this event was an event of his
16   possession of controlled substances.  He was seen selling
17   controlled substances.  We understand that this is not a
18   case for bond pending appeal.
19             THE COURT:  All right.  You shall be remanded to
20   the U.S. Marshals Service.
21             MR. MCCUTCHEON:  Your Honor, may Mr. Bodon briefly
22   hug his wife before he is taken into custody?
23             THE COURT:  That's for the Marshals to decide.
24             All right.  There being nothing further before the
25   Court --

```
 1                MR. MCCUTCHEON:  Permission to withdraw, Your
 2     Honor.
 3                THE COURT:  You may withdraw, and the Court stands
 4     adjourned.
 5                (PROCEEDINGS ADJOURNED AT 2:58 P.M.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1    UNITED STATES DISTRICT COURT )
                                  )  ss.
2    OF PUERTO RICO               )
```

## REPORTER'S CERTIFICATE

I, LISA O'BRIEN, do hereby certify that the above and foregoing, consisting of the preceding 11 pages, constitutes a true and accurate transcript of my stenographic notes and is a true and complete transcript of the proceedings to the best of my ability.

Dated this 20th day of August, 2017.

    S/Lisa O'Brien
Lisa O'Brien
USDC Court Reporter
708-284-0021